OaRUTIXERS, J.,
delivered the opinion of the Court.
The plaintiffs were partners. Browden recovered a judgment against Haskins for his individual debt, and placed an execution upon the same in the hands of the defendant, a constable, which was levied upon the property now sued for in this action of replevin by the firm. The property seized belonged to the firm, and the question raised is, whether the partnership property can be taken in execution and sold for the private debt of one of the members. The Circuit Judge held that it could, and the plaintiffs failed in their action of replevin, and bring up the case for a correction of the alleged error.
Whatever doubts and difficulties may have existed on this subject, the law is now well settled that partnership property may be seized and the interest of one partner sold for his individual debt. The purchaser, however, only takes the interest of such judgment debtor after the settlement and adjustment of the partnership accounts, and not his proportion of the property sold. What that interest is cannot generally be ascertained until a final adjustment and settlement of the partnership concerns. The effect of the sale and purchase is only to place the purchaser in the shoes of the partner whose interest he buys, and make him a tenant in common with the other partners. This is a necessary consequence of the rule that each partner has a lien upon the firm property as well for the debts due by the firm as his own share and proportion thereof. The judgment creditor or the purchaser under him must take the interest sold, subject to all such liens and claims. To ascertain the interest sold, the purchaser *533 or any of the other partners may file a hill for the settlement of the partnership.
The great uncertainty of the value of the interest purchased, (for it may he nothing, or more or less than the amount hid,) does not affect the principle. If the judgment creditor wishes to avoid this, he may file a bill, or the sheriff may do so with his consent, against the other partners, and thus ascertain the exact interest of the debtor partner before the sale. Story on Part., §§ 261-263 and notes.
Another question is made by the plaintiffs in error in relation to the damages. The jury found for the defendant, and fixed the value of the property seized at four hundred and thirty dollars, and the damages for the detention by the plaintiffs forty-three dollars. The judgment of the Court is, that the plaintiffs deliver the property to the defendant, and in case they fail, an execution to issue for the value; and that the defendant also recover the damages of forty-three dollars.
It is insisted that by the 9th section of the replevin act of 1846, there can be no damages recovered by the defendant where the property is returned, but that this can only be done where there is a failure to deliver, and execution has to be run for the value.
We do not so construe the act: that would make it absurd and unjust. The damages constitute a distinct item in the recovery; and the right of the defendant whose property has been replevied and determined to that, is not dependent upon the election of the plaintiff to retain the property or pay the value. If this were so, the plaintiff who unjustly replevied a slave, could avoid the payment of hire pending the litigation by electing to return the *534 slave under the judgment of the Court. But a fair construction of the section, all taken together, avoids such absurd results.
It is very clear, then, that the defendant who succeeds in an action of replevin is entitled to the damages assessed by the jury for the detention of the property in any event. The delivery of the property replevied only discharges the judgment for its value, and not the damages.
The judgment is in all things right, and will be affirmed.